UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CHARLIE BERNARD MACON,

        Plaintiff,                    Case No. 1:12-cv-138

v.                                        Honorable Paul L. Maloney

LARRY BRYAN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Howes, Beckwith, Stepp, Austin and Lockhart. The Court will serve the complaint against Defendants Bryan, Morrison and Watson.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Lakeland Correctional Facility. In his *pro se* complaint, he sues Warden Carol Howes, Assistant Deputy Warden Linda Beckwith, Grievance Coordinator Tina Stepp, Grievance Specialists Kent Austin and Sean Lockhart, Captain Thomas Watson, Lieutenant Unknown Morrison and Officer Larry Bryan.

Plaintiff's complaint concerns the medical problems he received after a "botched" filling in his lower right tooth by a dentist at the Michigan Department of Corrections (MDOC). (Compl., docket #1, Page ID #8.) It is not entirely clear from Plaintiff's complaint what happened after he received his filling but it appears that Plaintiff was eventually seen by an oral surgeon at Duane Waters Hospital. The oral surgeon prescribed a muscle relaxer, a steroid and 800 milligrams of Ibuprofen for Plaintiff. In addition, Plaintiff was supposed to perform jaw exercises to prevent lock jaw and "to find out the extent of the numbness in his ear or possible nerve damage." (*Id.*, Page ID#5.)

When Plaintiff returned to the prison, Plaintiff asserts that Defendants refused to follow the oral surgeon's recommended medical treatment and to fill Plaintiff's prescriptions. On July 23 or 24, 2011, Officer Bryan refused to allow Plaintiff to go to the med-line because Plaintiff did not have a medical call-out. Plaintiff gave Bryan a medical detail from the oral surgeon for a "noon restricted medication" to no avail. (*Id.*, Page ID#4.) On July 30, 2011, Plaintiff was stopped again by Officer Bryan, who asked Plaintiff for a call-out. Although Plaintiff produced the call-out, Officer Bryan still sent him back to his housing unit.

Plaintiff filed a grievance, Grievance No. LCF-2011-08-0790-17i, against Officer Bryan for the denial of his medical care. On August 3, 2011, Defendant Morrison reviewed Plaintiff's grievance. Defendant Morrison told Plaintiff that he did not need to take his medication at noon. When Plaintiff produced his medical detail and pill containers that stated that he needed to take his medication on a full stomach, Defendant Morrison sent Plaintiff back to his housing unit. Shortly after returning to his housing unit, Plaintiff was informed by a unit officer that Morrison said that Plaintiff could not "go to the med-line anymore because [Plaintiff] ha[d] medication in his living area." (Compl., Page ID#5.) Plaintiff states that he has never been prescribed a muscle relaxer, 800 milligrams of Ibuprofen or a steroid by health care. On August 6, 2011, Plaintiff's grievance was denied at Step I by Morrison and Watson. Plaintiff then filed a Step II grievance appeal form with Grievance Coordinator Stepp. Warden Howes denied Plaintiff's grievance at Step II. Plaintiff finally filed a Step III grievance appeal form, which was subsequently denied by Grievance Specialist Lockhart.

On August 12, 2011, Plaintiff filed Grievance No. LCF 2011-08-0859-28b against Defendant Morrison for denying Plaintiff's medication. Grievance Coordinator Stepp and ADW Beckwith rejected Plaintiff's grievance at Step I. When Plaintiff resubmitted the grievance, Defendant Stepp instructed Petitioner to file a Step II grievance appeal. On September 5, 2011, Plaintiff proceeded to Step II of the grievance process. On September 13, 2011, Warden Howes denied Plaintiff's grievance at Step II. Plaintiff then filed a Step III grievance appeal form. On November 10, 2011, Grievance Specialist Austin denied Plaintiff's grievance at Step III.

Plaintiff alleges that he has not received any of his prescriptions because he has been denied the health care call-out by Officers Bryan, Morrison and Watson. Since he has not received

medical treatment, Plaintiff has experienced pain in his right side jaw joints, right ear aches, ear numbness, he hears bubbling sounds in his right ear and it is difficult to open his mouth wide.

In summary, Plaintiff argues that Defendants violated his Eighth Amendment rights by refusing him medical care. Plaintiff also claims that Defendants violated MDOC Policy Directive 03.03.130, ¶¶ G, H (effective Feb. 23, 2009) regarding health care.

Plaintiff requests declaratory and injunctive relief as well as monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Grievances

Plaintiff asserts that Defendants Howes, Beckwith, Stepp, Austin and Lockhart wrongly denied his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Howes, Beckwith, Stepp, Austin and Lockhart engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

To the extent Plaintiff contends that Defendants Howes, Beckwith, Stepp, Austin and Lockhart violated his right to due process, he does not state a claim. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Howes, Beckwith, Stepp, Austin and Lockhart's conduct did not deprive him of due process.

### B. Eighth Amendment

Plaintiff contends that Defendants Watson, Morrison and Bryan violated his Eighth Amendment rights by failing to provide him with his medications. The Court concludes that Plaintiff's allegations against Watson, Morrison and Bryan are sufficient to warrant service of the complaint.

### C. State law

Plaintiff alleges that Defendants violated MDOC Policy Directive 03.03.130 on health care. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

To the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state-law claim against Defendants Howes, Beckwith, Stepp, Austin and Lockhart, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009), *cited in Orton v. Johnny's Lunch Franchise,LLC*, No. 10-2044, slip op. at 10 (6th Cir. Feb. 21, 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-

law claim against Defendants Howes, Beckwith, Stepp, Austin and Lockhart will be dismissed without prejudice.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Howes, Beckwith, Stepp, Austin and Lockhart will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Watson, Morrison and Bryan.

An Order consistent with this Opinion will be entered.


Dated: __March 16, 2012__                /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge