UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE BERNARD MACON, #269718,<br>Plaintiff,<br><br>-v-<br><br>LARRY BRYAN, BRYAN MORRISON, and<br>THOMAS WATSON,<br>Defendants. | No. 1:12-cv-138<br><br>HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

In this case, state prisoner Charlie Macon claims that defendants Larry Bryan, Bryan Morrison, and Thomas Watson violated his constitutional rights by showing deliberate indifference to his serious medical needs. He seeks damages from each defendant under 42 U.S.C. § 1983. Before the court today is a Report and Recommendation issued by Magistrate Judge Scoville (ECF No. 38) recommending that the court grant Defendants' motion for summary judgment on all claims. Mr. Macon has filed timely objections. (ECF No. 45.)

For the reasons discussed below, the court will adopt the Report and Recommendation and grant summary judgment in favor of Defendants.

**I.  STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)

(per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II. DISCUSSION

On July 21, 2011, Mr. Macon was sent to the Duane Waters Hospital because of jaw pain. He was examined by an oral surgeon and returned to the Lakeland Correctional Facility, where he was an inmate. Over the next ten days, Defendant Bryan twice stopped Mr. Macon from going to the health services medication line: on July 24, Officer Bryan refused to allow him to go to the line because he did not have the necessary authorizing documents; and on July 30, Officer Bryan sent him back to his housing unit because he had tried to leave outside of the 10-minute travel time allowed under prison guidelines. Mr. Macon filed a grievance regarding these two instances. MDOC officials denied his grievance, finding that Mr. Macon had medication in his room, and that in any case, Mr. Macon did not need to leave outside of the normal time because he had more than enough time both to pick up his medication and to eat lunch. Mr. Macon pursued his grievance through a Step-III appeal, then filed suit in this court, alleging violation of his Eighth Amendment rights.

On summary judgment, the magistrate judge recommended dismissing Mr. Macon's claims on the ground that "no reasonable trier of fact could find in plaintiff's favor on the subjective component of an Eighth Amendment claim." In the alternative, the magistrate judge found that Mr. Macon did not exhaust his claims against Defendant Watson, who was involved in this matter only as the reviewing officer on the denial of Macon's original grievance. Mr. Macon timely filed

objections to the R&R, including a brief in support, an affidavit, and a number of exhibits.

Most of Mr. Macon's objections are not responsive to the R&R. At various points, he appears to allege a state tort claim for gross negligence in addition to his section-1983 claim. He also argues that filing his grievance was protected conduct and that Defendants have retaliated against him for that conduct. This is the first time Mr. Macon has raised either claim. His complaint claimed only an Eighth-Amendment violation (*see* ECF No. 1, at ¶ 60), and he did not argue any such grounds in response to Defendants motion for summary judgment (*see* ECF No. 35). The proper place to add new claims to one's suit is not in objections to an R&R, and the court overrules any objections based on state-law claims or a retaliation claim for that reason.

Mr. Macon also argues that Defendants are not entitled to qualified immunity or, indeed, any form of immunity at all. Though Defendants did raise the issue of immunity in their motion for summary judgment, the magistrate judge recommended no ruling on the issue of immunity. This objection is therefore also nonresponsive, and the court overrules it.

More appropriately, Mr. Macon objects to the R&R on the ground that, contrary to the magistrate judge's conclusion, Defendants Bryan and Morrison acted with deliberate indifference because they "knew of Plaintiff's medical detail order for prescription medications" and nonetheless disregarded it. In support, Macon presents this medical detail order, which shows that Registered Nurse Donna J. Croston ordered Mr. Macon on "Restricted med lines 0810, 1200, 2010" from July 21, 2011 through August 4, 2011. (ECF No. 45-2, at 2.) Macon also presents his daily schedules from August 3 and 4, 2011, showing that he was to report to the medication line at noon and 7:30 p.m. (ECF No. 45-3, 45-4.)

This evidence is not enough for Mr. Macon's claim to survive, however. It is undisputed that

3

prison policy forbids prisoners from moving around without authorization from an itinerary or pass. The medical detail order that Mr. Macon relies upon is neither an itinerary or a pass, and Defendant Bryan reasonably declined to treat it as such. Mr. Macon's daily schedules from August 3 and 4 showing an appointment at the medication line at noon are irrelevant to the issue of whether he possessed a similar schedule on July 24 and 30. In any case, these documents would not allow Macon to go to the medication line before noon, and so they say nothing about the propriety of Defendant Bryan's decision to turn Macon back on July 30, when he tried to go to the medication line ten minutes early. Mr. Macon does not object to the grievance reviewer's finding that he had sufficient time both to eat lunch and to go to the medication line at noon, and so the evidence does not show that Bryan prevented Macon from reaching the line on July 30 at all.

Further, the medical detail order is not, on its own, sufficient to put Defendants on notice that Mr. Macon had a "serious medical need[]." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) ("The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs."). This is particularly true where the Defendants' investigation revealed that Macon had medication in his room. Mr. Macon objects strenuously to this allegation, arguing that medical confidentiality would have prohibited the disclosure of any such information, and so Defendants must be lying. But these alleged statements are not the only evidence on record. The prison's Medication Administration Records, produced during discovery, undisputedly show that Mr. Macon received his medications on both July 24 and July 30. (ECF No. 33-4.) This evidence makes clear that Defendants could not have been aware of Mr. Macon's serious medical need when they acted; indeed, it strongly suggests that there was no serious medical need at all, as Mr. Macon apparently

4

received all of the medication that he was prescribed. For these reasons, the court will overrule Mr. Macon's objection.

Mr. Macon also objects to the magistrate judge's alternative conclusion that he failed to exhaust his claims against Defendant Watson. He argues that he should not be required to file a separate grievance against Macon because it would be futile. In support, he presents the court with a grievance filed by another prisoner against a reviewing officer, which was denied as improper. (*See* Pl.'s Ex. 1, ECF No. 46-1.) But that grievance did not involve the same complaint at issue here. That prisoner had objected to the reviewing officer's investigation procedures. His grievance was therefore denied because the appeal process, not a separate grievance, was the appropriate place to challenge the investigation. Here, Mr. Macon argues that Mr. Watson substantively violated his constitutional rights by denying his grievance. This is a different issue, and the other prisoner's grievance says nothing about whether Mr. Macon's complaint would be considered appropriate for a separate grievance. In any case, a belief that one's grievance will be denied will not excuse failure to file the grievance in the first place. *See Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) ("[The Prison Litigation Reform Act] requires plaintiffs to use grievance procedures even where they believe the procedure to be ineffectual or futile."). This objection is therefore overruled.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 38) is **ADOPTED**, over objections, as the opinion of this court. Defendants' motions for summary judgment (ECF Nos. 11, 32) are hereby **GRANTED**. Judgment will issue consistent with this order.

**IT IS SO ORDERED.**


Date:  April 17, 2013     /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge